Reddy & Co. *v.* Bego.

---

## T. C. REDDY & CO. *v.* FREDERICK BEGO.

ATTACHMENT: EFFECT OF ABANDONMENT OF INTENTION TO REMOVE.—An abandonment by the defendant, before the plaintiff's attachment was sued out, of his intention to remove from the State, will not defeat the attachment, unless the plaintiff had notice of it, when the proceedings were commenced.

IN error from the Circuit Court of Adams county. Hon. Stanhope Posey, judge.

The plaintiff in error, on the 19th day of February, A. D. 1857, sued out an attachment against the defendant in error, upon the ground that the latter was about to remove from the State. An issue, on the application of the defendant, was made, and submitted to a jury, to try whether the attachment had been wrongfully sued out. On the trial of this issue, the plaintiff proved, that in 1855, and in the latter part of 1856, the defendant, who was much involved, had frequently declared his intention to remove from the State, and that they had notice of these declarations before their attachment was issued. The defendant proved, by several witnesses, that in February, 1857, he had rented a house in Natchez,

for six months, and was conducting his business there, as an upholsterer, as he had done for several years previously. Other facts were also proven on behalf of defendant, which tended to show, that at the time the attachment was sued out, he had no intention of removing from the State. The jury found a verdict for the defendant, and judgment was rendered accordingly. The plaintiffs sued out this writ of error.

*J. A. T. Midderhoff* and *John D. Freeman*, for plaintiff in error.

*William T. Martin*, for defendant in error.

FISHER, J., delivered the opinion of the court.

The plaintiffs below sued out a writ of attachment, against the estate of the defendant, on the ground that he was about to remove from the State. The defendant tendered an issue, traversing this fact, to wit, that he was not about to remove from the State at the date of the issuance of the writ. After the evidence of both parties was closed, the court, at the instance of the defendant, gave the following instruction: "If the jury believe, from the evidence, that Bego even did intend to leave the State, but abandoned that intention, and had none such, on the nineteenth day of February, 1857, the jury will find for the defendant, Bego." This instruction, in our opinion, is not correct. It should have been, in substance, this: that if the defendant intended to remove or leave the State, but abandoned such intention, and the plaintiffs had notice of this abandonment of intention before suing out the attachment, then they should find for the defendant.

For this error the judgment is reversed, new trial granted, and cause remanded.